

ORIGINAL

ECF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>SYNGENTA AG,<br>ASTRAZENECA PLC,<br>KONINKLIJKE COOPERATIE COSUN U.A.,<br>and<br>ADVANTA B.V.<br><br>*Defendants.* | CASE NUMBER  1:04CV01442<br>JUDGE: Reggie B. Walton<br>DECK TYPE: Antitrust<br>DATE STAMP: 08/25/2004<br><br>DECK TYPE: Antitrust<br><br>Filed: |

## FINAL JUDGMENT

WHEREAS, plaintiff, United States of America, filed its Complaint on August 25, 2004, plaintiff and defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, the defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of defendant Advanta's worldwide sugar beet seed business to assure that competition is not substantially lessened;

4

AND WHEREAS, plaintiff requires defendant Syngenta to make a certain divestiture for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, the defendants have represented to the United States that the divestiture required below can and will be made and that the defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED AND DECREED:

## I.

## JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against the defendants under Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

## II.

## DEFINITIONS

As used in this Final Judgment:

A.  "Acquirer" or "Acquirers" means Fox Paine & Company, LLC or any alternative entity or entities to whom the defendant Syngenta divests Advanta's Sugar Beet Seed Business.

B.  "Advanta" means Advanta B.V., a company incorporated in The Netherlands with its headquarters in Kapelle, The Netherlands, its successors and assigns, and its subsidiaries,

2

divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

C. "Advanta's Sugar Beet Seed Business" means Advanta's business engaged in the research, development, licensing (as licensor or as licensee), production or sale of agricultural sugar beet seeds anywhere in the world, including the business currently conducted through Interstate Seeds, a business unit of Advanta USA, Inc., and also includes:

1. the assets set forth in Schedule A;

2. all tangible assets other than those listed in Schedule A that are used in connection with Advanta's worldwide sugar beet seed operations, including but not limited to all research and development activities; all manufacturing and agricultural equipment, tooling and fixed assets, personal property, sugar beet seed inventory, germplasm, materials, supplies, and other tangible property; all licenses, permits, and authorizations issued by any governmental organization relating to Advanta's world-wide sugar beet seed operations; all contracts, agreements, leases, commitments, certifications, and understandings relating to Advanta's worldwide sugar beet seed operations, including supply and distribution agreements; all customer lists, contracts, accounts, and credit records; all performance records and all other records relating to Advanta's research, development, licensing, production or sale of sugar beet seeds worldwide, provided, however, that the Advanta sugar beet seed assets to be divested shall not include Advanta facilities or assets that are predominantly used:  (1) in connection with operations related

3

to Advanta's worldwide non-sugar beet seed activities; or (2) in connection with the carrying out of Advanta's company-wide administrative functions; and

3. all intangible assets that are utilized in connection with Advanta's worldwide sugar beet seed operations, including but not limited to all patents, registered plant breeders' rights and trademarks; licenses and sublicenses; trade names; goodwill; service marks; service names; technical information; know-how; trade secrets; drawings; blueprints; designs; design protocols; specifications for materials; specifications for parts and devices; safety procedures for the handling of materials and substances; all research data concerning historic and current research and development; quality assurance and control procedures; design tools and simulation capability; all manuals and technical information Advanta provides to its employees, customers, suppliers, agents or licensees; and all research data concerning historic and current research and development efforts, including but not limited to designs of experiments and the results of successful and unsuccessful designs and experiments.

D. "AstraZeneca" means AstraZeneca PLC, a private limited company with its headquarters in London, England, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures (including AstraZeneca Holdings, a joint owner of Advanta) and their directors, officers, managers, agents, and employees.

E. "The defendants" means (1) Advanta; (2) AstraZeneca; (3) Koninklijke; and (4) Syngenta.

F. "Fox Paine" means Fox Paine & Company, LLC, a corporation with headquarters in Foster City, California, its successors and assigns, and its subsidiaries, divisions, groups,

affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

G.  "Koninklijke" means Koninklijke Cooperatie Cosun U.A., a co-operative with its headquarters in Cosunpark 1, The Netherlands, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures (including Koninklijke Vanderhave Groep B.V., a joint owner of Advanta), and their directors, officers, managers, agents, and employees.

H.  "Syngenta" means Syngenta AG, a company incorporated in Switzerland, with headquarters in Basel, Switzerland, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, joint ventures, and their directors, officers, managers, agents, and employees.

## III.

## APPLICABILITY

A.  This Final Judgment applies to the defendants, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

B.  The defendants shall require, as a condition of the sale or other disposition of all or substantially all of their assets or of lesser business units or assets that include Advanta's Sugar Beet Seed Business, that the purchaser agree to be bound by the provisions of this Final Judgment, provided, however, that Syngenta need not obtain such agreement from the Acquirer(s).

## IV.

## DIVESTITURE

A. Defendant Syngenta is ordered and directed, within ninety (90) calendar days after the date of filing of the Complaint in this matter, or five (5) calendar days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest Advanta's Sugar Beet Seed Business in a manner consistent with this Final Judgment to an Acquirer acceptable to the United States in its sole discretion, except that as to the patents listed in Schedule A 2(b), defendant Syngenta will grant to the Acquirer an exclusive, royalty-free license for use in connection with sugar beets for the life of the patent plus any extensions. The United States, in its sole discretion, may agree to one or more extensions of this time period, not to exceed one hundred and twenty (120) calendar days in total, and shall notify the Court in each such circumstance. Defendant Syngenta agrees to use its best efforts to divest the Advanta Sugar Beet Seed Business as expeditiously as possible.

B. In the event that the United States objects to Fox Paine as the Acquirer of Advanta's Sugar Beet Seed Business, or if for any other reason defendant Syngenta does not divest Advanta's Sugar Beet Seed Business to Fox Paine, defendant Syngenta promptly shall make known, by usual and customary means, the availability of Advanta's Sugar Beet Seed Business. Defendant Syngenta shall inform any person making inquiry regarding a possible purchase of Advanta's Sugar Beet Seed Business that it is being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment. Syngenta shall offer to furnish to each prospective Acquirer, subject to customary confidentiality assurances, all information and

documents relating to Advanta's Sugar Beet Seed Business customarily provided in a due diligence process except such information or documents subject to the attorney-client or work-product privileges. Syngenta shall make available such information to the United States at the same time that such information is made available to any other person.

C.  Syngenta shall provide the Acquirer of Advanta's Sugar Beet Seed Business and the United States information relating to the personnel involved in the research, development, licensing, production, or sale of Advanta's sugar beet seeds anywhere in the world to enable the Acquirer to make offers of employment to these individuals. Syngenta will not interfere with any negotiations by the Acquirer to employ any of the defendants' employees whose responsibilities wholly or predominantly include the research, development, licensing, production, or sale of the products of Advanta's Sugar Beet Seed Business.

D.  Syngenta shall permit prospective Acquirers of Advanta's Sugar Beet Seed Business to have reasonable access to personnel and to make inspections of the physical facilities of Advanta's Sugar Beet Seed Business; access to any and all environmental, zoning, and other permit documents and information; and access to any and all financial, operational, or other documents and information customarily provided as part of a due diligence process.

E.  Syngenta shall warrant to the Acquirer of Advanta's Sugar Beet Seed Business that each asset will be operational on the date of divestiture.

F.  The defendants shall not take any action that will impede in any way the operation or divestiture of Advanta's Sugar Beet Seed Business.

G.      Syngenta shall warrant to the Acquirer of Advanta's Sugar Beet Seed Business that there are no material defects in the environmental, zoning, or other permits pertaining to the operation of Advanta's Sugar Beet Seed Business, and that following the sale of Advanta's Sugar Beet Seed Business, the defendants will not undertake, directly or indirectly, any challenges to the environmental, zoning, or other permits relating to the operation of Advanta's Sugar Beet Seed Business.

H.      Unless the United States otherwise consents in writing, the divestiture pursuant to Section IV, or by trustee appointed pursuant to Section V, of this Final Judgment, shall include all of Advanta's Sugar Beet Seed Business, and shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that Advanta's Sugar Beet Seed Business can and will be used by the Acquirer as part of a viable, ongoing business, engaged in researching, developing, licensing, producing and selling sugar beet seeds in the United States. Divestiture of Advanta's Sugar Beet Seed Business may be made to one or more Acquirers, provided that it is demonstrated to the sole satisfaction of the United States that the divested Sugar Beet Seed Business will remain viable and that divestiture of that business will remedy the competitive harm alleged in the Complaint. The divestiture, whether pursuant to Section IV or Section V of this Final Judgment:

   1.      shall be made to an Acquirer or Acquirers that, in the United States's sole judgment, has the managerial intent and capability (including the necessary operational, technical and financial capability) to compete effectively in the research, development, licensing, production, and sale of sugar beet seeds in the United States; and

        2.        shall be accomplished so as to satisfy the United States, in its sole discretion, that none of the terms of any agreement between an Acquirer or Acquirers and the defendants give the defendants the ability unreasonably to raise the Acquirer's costs, to lower the Acquirer's efficiency, or otherwise to interfere in the ability of the Acquirer to compete effectively.

## V.

## APPOINTMENT OF TRUSTEE

A.        If defendant Syngenta has not divested Advanta's Sugar Beet Seed Business within the time period specified in Section IV(A), Syngenta shall notify the United States of that fact in writing. Upon application of the United States, which shall first have consulted with the European Commission, the Court shall appoint a trustee selected by the United States, and approved by the Court to effect the divestiture of Advanta's Sugar Beet Seed Business.

B.        After the appointment of a trustee becomes effective, only the trustee shall have the right to sell Advanta's Sugar Beet Seed Business. The trustee shall have the power and authority to accomplish the divestiture to an Acquirer acceptable to the United States in its sole discretion at such price and on such terms as are then obtainable upon reasonable effort by the trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such other powers as this Court deems appropriate. Subject to Section V(D) of this Final Judgment, the trustee may hire at the cost and expense of defendant Syngenta any investment bankers, attorneys, or other agents, who shall be solely accountable to the trustee, reasonably necessary in the trustee's judgment to assist in the divestiture.

C.      The defendants shall not object to a sale of Advanta's Sugar Beet Seed Business by the trustee on any ground other than the trustee's malfeasance. Any such objections by the defendants must be conveyed in writing to the United States and the trustee within ten (10) calendar days after the trustee has provided the notice required under Section VI.

D.      The trustee shall serve at the cost and expense of Syngenta, on such terms and conditions as the United States approves, and shall account for all monies derived from the sale of Advanta's Sugar Beet Seed Business and for all costs and expenses so incurred. After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid Syngenta and the trust shall then be terminated. The compensation of the trustee and any professionals and agents retained by the trustee shall be reasonable in light of the value of Advanta's Sugar Beet Seed Business and based on a fee arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

E.      Defendants shall use their best efforts to assist the trustee in accomplishing the required divestiture. The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities of Advanta's Sugar Beet Seed Business, and the defendants shall develop financial and other information relevant to such business as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information. The defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.     After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in Advanta's Sugar Beet Seed Business and shall describe in detail each contact with any such person. The trustee shall maintain full records of all efforts made to divest Advanta's Sugar Beet Seed Business.

G.     If the trustee has not accomplished such divestiture within six months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture; (2) the reasons, in the trustee's judgment, why the required divestiture has not been accomplished; and (3) the trustee's recommendations. To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the United States who shall have the right to make additional recommendations consistent with the purpose of the trust. The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include, without limitation, extending the trust and the term of the trustee's appointment by a period requested by the United States.

## VI.

## NOTICE OF PROPOSED DIVESTITURE

A.   Within two (2) business days following execution of a definitive divestiture agreement, defendant Syngenta or the trustee, whichever is then responsible for effecting the divestiture required herein, shall notify the United States of any proposed divestiture required by Section IV or V of this Final Judgment. If the trustee is responsible, it shall similarly notify Syngenta. The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in Advanta's Sugar Beet Seed Business, together with full details of the same.

B.   Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from the defendants, the proposed Acquirer, any other third party, or the trustee if applicable, additional information concerning the proposed divestiture, the proposed Acquirer and any other potential Acquirer. The defendants and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C.   Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from the defendants, the proposed Acquirer, any third party, and the trustee, whichever is later, the United States shall provide written notice to defendant Syngenta and the trustee, if there is one, stating whether or not it objects to the proposed divestiture. If the United States provides written notice

that it does not object, the divestiture may be consummated, subject only to defendants' limited right to object to the sale under Section V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by the defendants under Section V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII.

## FINANCING

The defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

## VIII.

## HOLD SEPARATE

Until the divestiture required by this Final Judgment has been accomplished, the defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order entered by this Court. The defendants shall take no action that would jeopardize the divestiture order by this Court.

## IX.

## AFFIDAVITS

A. Within twenty (20) calendar days of the filing of the Complaint in this matter, and every thirty (30) calendar days thereafter until the divestiture has been completed under Section IV or V, the defendants shall deliver to the United States an affidavit that describes the fact and manner

of its compliance with Section IV or V of this Final Judgment. Each such affidavit shall include the name, address, and telephone number of each person who, during the preceding thirty days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in Advanta's Sugar Beet Seed Business, and shall describe in detail each contact with any such person during that period. Each such affidavit shall also include a description of the efforts Syngenta has taken to solicit buyers for Advanta's Sugar Beet Seed Business, and to provide required information to any prospective Acquirer, including the limitations, if any, on such information. Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by the defendants, including limitations on the information, shall be made within fourteen (14) calendar days of receipt of such affidavit.

B.  Within twenty (20) calendar days of the filing of the Complaint in this matter, the defendants shall deliver to the United States an affidavit that describes in reasonable detail all actions the defendants have taken and all steps the defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment. The defendants shall deliver to the United States an affidavit describing any changes to the efforts and actions outlined in the defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.  Defendant Syngenta shall keep all records of all efforts made to preserve Advanta's Sugar Beet Seed Business and to divest Advanta's Sugar Beet Seed Business until one year after such divestiture has been completed.

# X.

## COMPLIANCE INSPECTIONS

A.   For purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to the defendants, be permitted:

   1.   access during the defendants' office hours to inspect and copy, or at the United States' option, to require the defendants to provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of the defendants, relating to any matters contained in this Final Judgment; and

   2.   to interview, either informally or on the record, the defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by the defendants.

B.   Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, the defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.       No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.       If at the time information or documents are furnished by the defendants to the United States, the defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and the defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give the defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## XI.

## NO REACQUISITION

Defendants Syngenta and Advanta may not reacquire any part of Advanta's Sugar Beet Seed Business during the term of this Final Judgment.

## XII.

## RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out

or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIII.

## EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## XIV.

## PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest.

Dated: 12/16/04

                                        Court approval subject to procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

_____
United States District Judge